UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONNA ERNEST and husband MARK ERNEST, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:08-CV-72 (VARLAN/SHIRLEY) |
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendant's Motion for Partial Summary Judgment [Doc. 5; *see also* Doc. 6]. Plaintiffs have filed a response in opposition to the motion [Doc. 7] and defendant has filed a reply [Doc. 8]. The Court has carefully considered the pending motion, along with the parties' briefs and other relevant filings and for the reasons set forth herein, defendant's Motion for Partial Summary Judgment [Doc. 5] will be granted.

**I.      Relevant Facts**

Plaintiffs purchased an automobile insurance policy from defendant on December 18, 2004, which provided liability coverage to plaintiffs for bodily injury and property damage suffered from an automobile accident. [*See* Doc. 5-1.] Specifically, the policy contains the following terms regarding payment of medical expenses:

> We will pay only the reasonable fee for medically necessary and appropriate medical services and the reasonable expense for funeral services because of [bodily injury]

caused by an auto accident, sustained by a covered person and incurred for services rendered within three years of the date of the accident.

[*Id.*]

On December 27, 2004, plaintiffs were involved in an automobile accident in Pigeon Forge, Tennessee. As a result of the accident, plaintiff Donna Ernest sustained injury that left her with an increased risk of spinal cord injury and her treating doctor recommended that she undergo anterior cervical diskectomy and fusion surgery. The total expenses for this surgery were expected to be $47,830.00, with at least $27,000 due prior to the surgery or on the day of surgery. [*See* Doc. 1-1.]

Plaintiffs assert that they tentatively scheduled the surgery on numerous occasions within three years of the date of the accident but, because payment was due prior to the surgery and defendant declined to pay or to commit to pay for this surgery in advance, it was cancelled each time it was scheduled. Plaintiff Donna Ernest did not have surgery prior to December 27, 2007.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom

in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* To defeat a motion for summary judgment, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson*, 477 U.S. at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### III. Analysis

Defendant argues that it is entitled to summary judgment on plaintiffs' claims related to its failure to pay for Ms. Ernest's back surgery because plaintiffs did not become liable on the medical expenses related to Ms. Ernest's back surgery within three years of the accident,

3

and thus, these expenses were excluded from coverage under the terms of the policy. Plaintiffs argue that defendant is liable for these expenses because the surgery was recommended within three years of the accident and was not completed during this time period only because defendant would not pay for the surgery in advance or commit to pay for the surgery.

The dispute between the parties is over the interpretation of the contract and not the facts of the case. Under Tennessee law, the interpretation of an insurance contract is a matter of law for determination by the Court. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Thus, it is an appropriate matter to be resolved at the summary judgment stage.

In interpreting an insurance policy the court must construe the language of the policy in its plain and ordinary sense. *See, e.g.*, *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005); *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993). It is appropriate for a court to interpret undefined terms in an insurance policy by referring to their dictionary definitions. *Am. Justice Ins. Reciprocal v. Hutchison*, 15 S.W.3d 811, 815 (Tenn. 2000); *Marlin Fin. & Leasing Corp. v. Nationwide Mut. Ins. Co.*, 157 S.W.3d 796, 809 (Tenn. Ct. App. 2004). When the provisions of an insurance policy are clear and unambiguous, the Court's construction of the policy should favor neither party. *Brown v. Tenn. Auto. Ins. Co.*, 237 S.W.2d 553, 554 (Tenn. 1951); *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 20 (Tenn. Ct. App. 2002). However, when a policy provision is susceptible to more than one construction, an ambiguity exists and the provision must be

construed against the carrier and in favor of the insured. *Am. Justice Ins. Reciprocal*, 15 S.W.3d at 815.

The Policy at issue in this case contains the following language regarding payment of medical expenses:

> We will pay only the reasonable fee for medically necessary and appropriate medical services and the reasonable expense for funeral services because of [bodily injury] caused by an auto accident, sustained by a covered person and *incurred for services rendered within three years of the date of the accident*.

[Doc. 5-1 (italics added).

Though the parties argue over the meaning of the word incurred, the Court determines that the three year time period is measured by the time when the services are rendered. By its plain and ordinary meaning, the prepositional phrase, "within three years of the date of the accident" modifies the word "rendered." Render means "to transmit to another," and, thus, medical services are rendered when they are provided by the doctor to the patient. *See* Merriam-Webster Dictionary Online, available at http://www.merriam-webster.com/dictionary/render[1] (last visited March 19, 2009). Accordingly, for Ms. Ernest's back surgery to be covered by the insurance policy, the doctor must have performed the surgery within three years of the accident. There is no dispute between the parties that the accident occurred on December 27, 2004 and the doctor did not perform back surgery on Ms. Ernest on or prior to December 27, 2007. Thus, medical services for Ms. Ernest's back surgery were not rendered within the three year period and the costs were not covered by the policy.

5

Even if the prepositional phrase modifies the term "incurred" as the parties seem to suggest, plaintiffs did not incur medical expenses for Ms. Ernest's back surgery within the three year time limit. It is clear that the term "incurred" means "to become liable for" or "to be legally obligated to pay." *See Terminix Int'l Co. Ltd. P'ship v. Tenn. Ins. Guar. Assoc.*, 845 S.W.2d 772, 776-77 (Tenn. Ct. App. 1992); *Hermitage Health & Life Ins. Co. v. Cagle*, 420 S.W.2d 591, 593 (Tenn. Ct. App. 1967); *see also Stuyvesant Ins. Co. v. Nardelli*, 286 F.2d 600, 603 (5th Cir. 1961); *United States v. St. Paul Mercury Indem. Co.*, 238 F.2d 594, 598 (8th Cir. 1956); *ex parte General Jackson Apartments*, 686 So. 2d 1112, 1114 (Ala. 1996); *Niles v. Am. Bankers Ins. Co.*, 229 So. 2d 435, 438 (La. Ct. App. 1969); *Atkins v. The Great Am. Ins. Co.*, 189 S.E.2d 501, 504 (N.C. Ct. App. 1972); *Reserve Life Ins. Co. v. Coke*, 183 So. 2d 490, 493 (Miss. 1966)*; Va. Farm Bureau Mut. Ins. Co. v. Hodges*, 385 S.E.2d 612, 614 (Va. 1989). Though plaintiffs agree that the definition of incur means to become liable, they argue that they incurred the expenses at the time they tentatively scheduled Ms. Ernest's surgery because they were required to pay for the surgery before it took place. Citing no legal authority, plaintiffs argue that it would be absurd for the insurance contract to mean that plaintiffs had to advance the cost of the surgery before being reimbursed by defendant.

The plain language of the contract does not require defendant to prepay for plaintiffs' medical expenses and the Court has found no legal authority suggesting this is inherent in automobile insurance policies. In fact, this argument is in conflict with the law. In *Terminix*, the Tennessee Court of Appeals explained,

6

> The term incur, when used in policies of insurance, has a fixed legal meaning. A debt has been incurred when liability attaches. Liability does not attach for services until they are rendered. Anticipated expenses for future medical services have not yet been incurred. Incurred has a plain and well accepted meaning, both in its common everyday usage and as expressly used in the insurance industry.

845 S.W.2d at 777 (internal citations and quotations omitted). Thus, medical expenses have not been incurred if they are for future medical services that have not yet been rendered.

Plaintiffs argue that *Atchley v. Travelers Insurance Co.*, 489 S.W.2d 836 (Tenn. 1973), supports their position that defendant was obligated to pay for the surgery because the doctor made his recommendation within three years of the accident. In *Atchley*, the plaintiff had two metal screws surgically implanted into his leg within one year of an accident. *Id.* at 836. At the time they were implanted, it was known that he would need to undergo a second surgery to have the screws removed. *Id.* Under the insurance policy at issue, the insurance company was "liable for all reasonable medical expenses incurred within one year from the date of the accident." *Id.* Though the screws were not removed within one year of the accident, the court determined that the cost of removal was covered by the policy because that cost was incurred at the time the screws were implanted. *Id.* at 837.

This case distinguishable from *Atchley* because *Atchley* involved a two-step surgical process, one step of which, occurred during the insurance coverage period. Once the first step was performed, liability for the second step "became fixed." *See id.* Here, Ms. Ernest's surgery was not a two-step process and no part of the surgery occurred before the three year coverage period expired. Additionally, liability for Ms. Ernest's back surgery did not become fixed within the three year period on the basis of plaintiffs having tentatively

7

scheduled the surgery because scheduling did not obligate plaintiffs to pay. Plaintiffs were free to cancel Ms. Ernest's surgery without incurring any charges as they did multiple times. Thus, plaintiffs did not incur the expenses of Ms. Ernest's back surgery within three years of the date of the accident.

Plaintiffs argue that the Court's interpretation of the contract makes it unconscionable and, thus, unenforceable because it is a contract of adhesion. Defendant does not dispute that the insurance contract is a contract of adhesion, but rather argues that even if it is a contract of adhesion, it is not unconscionable and therefore should be enforced. A contract of adhesion is enforceable if the terms of the contract are not "beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable." *Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996).

Plaintiffs argue that interpretation defendant urges is unconscionable because a reasonable person would not expect for the insurer to only provide benefits if the insured prepaid the cost of the medical services. Again, plaintiffs have cited no legal authority in support of this argument, nor does the Court find any on its own. As noted by defendant, both *Atchley* and *Hargis v. Pilot Life Insurance Co.* involved similar contract language requiring that expenses actually be incurred before the insurance company became liable, and neither of those policies were found unconscionable. *See Atchley*, 489 S.W.2d 836; *Hargis v. Pilot Life Insurance Co.*, 566 S.W.2d 543 (Tenn. Ct. App. 1977). Additionally, it is the hospital and not defendant that requires plaintiffs to prepay for the surgery, the insurance policy only requires that expenses be incurred for services rendered. Accordingly, the

8

language of the policy requiring plaintiffs to have incurred expenses for services rendered is not unconscionable and this requirement is enforceable.

## IV. Conclusion

For the reasons set forth herein, defendant's Motion for Partial Summary Judgment [Doc. 5] is hereby **GRANTED** and plaintiffs' claims regarding defendant's failure to pay for Ms. Ernest's back surgery are hereby **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9